## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

DENNIS HUTCHINSON,
ADC #143206                                                      PLAINTIFF

1:19CV00103-BSM-JTK

DOUG REEVES, et al.                                          DEFENDANTS

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

1

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.    Introduction

Plaintiff Dennis Hutchinson is a state inmate incarcerated at the North Central Unit of the Arkansas Department of Correction (ADC).  He filed this action pursuant to 42 U.S.C. § 1983, alleging Defendant Reeves cursed, harassed, threatened and assaulted him. (Doc. No. 2) Defendants Glenn, Hunt, Lowie, Grady, Day, Johnson, and the North Central Unit were dismissed on January 28, 2020 (Doc. No. 17)

This matter is before the Court on remaining Defendant Reeves' Motion for

Summary Judgment, Brief in Support, and Statement of Facts. (Doc. Nos. 13-15).   When Plaintiff failed to respond, this Court issued an Order on February 6, 2020, directing him to respond within fifteen days of the date of the Order (Doc. No. 18). The Court further advised Plaintiff that failure to comply with the Order would result in all of the facts set forth in Defendants' summary judgment papers being deemed admitted, or the dismissal of the action without prejudice, for failure to prosecute. (Id.) As of this date, Plaintiff has not responded to the Motion.

## II.    Facts

In his Complaint, Plaintiff stated that on June 7, 2019, Defendant Reeves cursed him, threatened his life and assaulted him by poking him in the chest. (Doc. No. 2, p. 5) He claimed Defendant and others retaliated against him and he asked for damages for the assault and threats. (Id., p. 7)

## III.    Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v.

Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)).   "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.   Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.   Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e).

The Court finds that Defendant's Motion should be granted, based on Plaintiff's failure to exhaust his administrative remedies as to his excessive force claim prior to filing his lawsuit, as required by the ADC grievance procedure, Administrative Directive (AD) 14-16 (Doc. No. 15-1) and the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. Defendant presents the Declaration of Terri Grigsby-Brown, the ADC Grievance Coordinator, who stated that the grievance procedure requires that an inmate write a brief statement that is specific to the issue being grieved. (Doc. No. 15-2, p. 2) Ms. Grigsby-

Brown reviewed Plaintiff's grievance files and found that he exhausted one grievance against Defendant Reeves based on the incident at issue in this case, NC-19-00436. (Id.) In that grievance, however, Plaintiff only alleged that Reeves cursed and threatened him, but never alleged that he assaulted him or made any physical contact with him. (Id.) Based on this, Defendant asks that Plaintiff's allegations against him be dismissed.

Absent a Response from Plaintiff, the Court finds that Defendant's Motion should be granted.   According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.   In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001).   In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684,

688 (8th Cir. 2000) (quoting <u>Castano v. Nebraska Dep't of Corrections</u>, 201 F.3d 1023, 1025 (8th Cir. 2000)).   In <u>Johnson v. Jones</u>, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).   Finally, in <u>Jones v. Bock</u>, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

In this case, the ADC grievance policy in effect clearly instructs inmates to "write a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses,...." (Doc. No. 15-1, pp. 5-6) In addition, inmates must exhaust administrative remedies at all levels of the grievance procedure before filing a § 1983 lawsuit. (<u>Id</u>., p. 17)   In this particular case, Defendant provides proof that Plaintiff did not fully exhaust a grievance concerning his allegation that Defendant Reeves assaulted him or used excessive force against him. (Doc. No. 15-3) Therefore, the Court finds that the excessive force allegation against Defendant should be dismissed, for failure to exhaust.

In addition, Plaintiff's allegation that Defendant Reeves cursed and threatened him

also should be dismissed, for failure to state a claim upon which relief may be granted.[1]

"Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim."

King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997) (quoting Hopson v.

Fredericksen, 961 F.2d 1374, 1378 (8th Cir. 1992)).  In addition, the "constitution does

not protect against all intrusions on one's peace of mind.  Fear of emotional injury which

results solely from verbal harassment or idle threats is generally not sufficient to constitute

an invasion of an identified liberty interest." King, 117 F.3d at 1067 (quoting Pittsley v.

Warish, 927 F.2d 3, 7 (1st Cir. 1991)). Plaintiff's vague allegation of retaliation also should

be dismissed, as he does not include specific facts to support such a claim. To support a

retaliation claim against Defendant, Plaintiff must allege and prove "that he engaged in

protected activity and that defendant[s], to retaliate for the protected activity, took adverse

action against [him] that would chill a person of ordinary firmness from engaging in that

activity." Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007).

## IV.    Conclusion

---

[1] The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).    The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.    28 U.S.C. § 1915A(b). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

IT IS, THEREFORE, RECOMMENDED that Defendant Reeves' Motion for Summary Judgment (Doc. No. 13) be GRANTED, and Plaintiff's Complaint be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 27th day of February, 2020.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE